## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| IN RE: MOVEIT CUSTOMER DATA SECURITY BREACH LITIGATION | MDL No. 1:23-md-03083-ADB-PGL<br><br>Judge Allison D. Burroughs |
| This Document Relates To:<br>C.A. No. 1:23-cv-12711<br><br>STEPHEN GILMORE, on behalf of himself and all others similarly situated,<br><br>        Plaintiff,<br><br>   v.<br><br>THE BANK OF CANTON and PROGRESS SOFTWARE CORPORATION,<br><br>        Defendants. | |

### DECLARATION OF GARY F. LYNCH IN SUPPORT OF PLAINTIFF'S MOTION FOR FINAL APPROVAL OF CLASS ACTION SETTLEMENT

I, Gary F. Lynch, pursuant to 28 U.S.C. § 1746, declare as follows:

1.      I am an attorney licensed in Pennsylvania and New York and have been admitted to practice before the Supreme Court of the United States and numerous federal appellate and district courts. I have been appointed by this Court to serve as Co-Lead Counsel for MDL Plaintiffs. I have been active in all aspects of this Litigation. I submit this Declaration in support of Plaintiff Stephen Gilmore's ("Plaintiff") Unopposed Motion for Final Approval of Class Action Settlement Agreement (the "Declaration"). The information set forth in this Declaration is based upon my personal knowledge.

2.      I am a founding member of the law firm of Lynch Carpenter, LLP ("Lynch Carpenter" or the "Firm") and have been engaged in the practice of law for over thirty years, with the majority of my career spent representing plaintiffs in the litigation of complex civil cases and class actions. The primary focus of my practice is data breach and data privacy litigation.

3.      I have spent the bulk of my professional time representing individual and institutional plaintiffs in class action and multi-district litigation throughout the country and am currently serving, or have served, as lead, co-lead counsel in numerous federal and state class actions and multi-district proceedings, including, among others: *In re Wawa, Inc. Data Sec. Litig.*, No. 19-cv-6019 (E.D. Pa) (appointed co-lead of consolidated data breach on behalf of financial institution plaintiffs and reach a $37 million settlement for the financial institution class, as mediated by former Magistrate Judge Diane Welsh; final approval pending); *In re Equifax, Inc., Customer Data Sec. Breach Litig.*, No. 1:17-md-02800 (N.D. Ga.) (appointed co-lead MDL counsel on behalf of financial institution plaintiffs and reached a $7.75 million settlement for the financial institution class); *In re Home Depot Data Breach Litig.*, No. 1:14-md-2583 (N.D. Ga.) (same and $27 million settlement for the financial institution class); *First Choice Fed. Credit Union v. The Wendy's Co.*, No. 2:16-cv-00506 (W.D. Pa.) ($50 million settlement for the financial institution class); *Dittman v. UPMC d/b/a The Univ. of Pittsburgh Med. Ctr.*, No. GD14-003285 (Pa. Ct. Com. Pl.) (lead counsel on behalf of plaintiffs after obtaining reversal in the Pennsylvania Supreme Court); *Veridian Credit Union v. Eddie Bauer LLC*, No. 2:17-cv-356 (W.D. Wash.) ($2.7 million settlement for the financial institution class).

4.      In addition to serving as lead counsel in major data breach litigation, I have also served in leadership committee positions in many other data breach/privacy cases, including: *In re Target Corp. Customer Data Sec. Breach Litig.*, MDL No. 2522 (D. Minn.) (appointed to the

Executive Committee managing the litigation on behalf of all plaintiffs (consumers, financial institutions, and shareholders)). The case was ultimately settled for $10 million (for consumers) and $39 million (for financial institutions)); *In re Marriott Int'l Customer Data Sec. Breach Litig.*, MDL No. 2879 (D. Md.); *In re: Cmty. Health Sys., Inc., Customer Sec. Data Breach Litig*., MDL No. 2595, 15-cv-0222 (N.D. Ala.); *In re: Arby's Rest. Group, Inc. Data Sec. Litig*., 17-mi-55555 (N.D. Ga.); *Greater Chautauqua Fed. Credit Union et al v. Kmart Corp*., No. 15-cv-02228 (N.D. Ill.); *In re Vizio, Inc. Consumer Privacy Litig*., MDL No. 2693 (C.D. Cal.) (consumer privacy breach, steering committee; $17 million settlement).

5.     I make this Declaration in support of final approval proposed Class Action Settlement Agreement and Release ("Settlement" or "Agreement") reached between the Plaintiff and Defendant The Bank of Canton ("Defendant" or "The Bank of Canton") after extensive arm's-length negotiation, a true and accurate copy of which is docketed at ECF No. 1398-1.

6.     I am submitting this declaration to put before the Court certain documents and facts supporting final approval of the Settlement and demonstrating that the requirements of Federal Rule of Civil Procedure 23 are satisfied for purposes of finally certifying the Settlement Class and that the proposed Settlement is fair, reasonable, and adequate.

7.     In my view, the Settlement represents an excellent result that will provide significant benefits to the Settlement Class Members while removing the risks and delay associated with further litigation. And based upon my experience serving as Co-Lead Counsel, and leadership positions in other class action litigation, it is my opinion that the proposed Settlement in this action is fair, adequate, and reasonable, so as to satisfy the requirements for final approval pursuant to

Fed. R. Civ. P. 23. This opinion is shared by Class Counsel,[1] and the members of the Settlement Committee, Brian Gudmundson, Jonathan Jagher, Norman Siegel, and Courtney Maccarone, all of whom played a role in negotiating and finalizing the Settlement.

8.      The Settlement Amount consisting of cash in the amount $300,000, less Court-approved attorneys' fees and expenses, costs of settlement administration, and a Service Award for the Plaintiff, shall be for the benefit of the Settlement Class Members.

9.      I recommend the proposed Settlement is an excellent result in light of the factual and legal risks of continued litigation. In recommending the Settlement as fair, reasonable, and adequate, Class Counsel and the Settlement Committee have considered, among other things, the events underlying Plaintiff's claims and the possible defenses to those claims, as well as the information gleaned by the extensive exchange of information conducted by the Parties in this case.

10.     All of this information provided us with a thorough understanding of the strengths and weaknesses of Plaintiff's claims and the risks associated with further litigation.

11.     In short, Class Counsel and the Settlement Committee believe that this Settlement is fair and reasonable because it provides a substantial monetary recovery when weighed against the risks of proceeding with litigation.

12.     There have been no material changes in circumstances which impact Plaintiff's assessment of the suitability of the proposed Settlement Class for certification since the Court granted preliminary approval on March 11, 2025, ECF No. 1416.

---

[1] Unless otherwise defined herein, all capitalized terms have the same definitions as those set forth in the proposed Class Action Settlement Agreement and Release, ECF No. 1398-1.

**CLASS COUNSEL BELIEVE THAT THE PROPOSED SETTLEMENT SATISFIES THE APPLICABLE FACTORS CONSIDERED BY COURTS WITHIN THE FIRST CIRCUIT WHEN REVIEWING PROPOSED CLASS ACTION SETTLEMENTS**

13.     Before agreeing to the proposed Settlement, Class Counsel and the Settlement Committee assessed the merits using various factors typically used by counsel in this type of case including the factors used by courts in the First Circuit to assess proposed class action settlements.

14.     Class Counsel and the Settlement Committee believe that the proposed Settlement is fair, reasonable, and adequate when the applicable factors are considered. Those factors include: (1) the complexity, expense and likely duration of the litigation; (2) the reaction of the class to the settlement; (3) the stage of the proceedings and the amount of discovery completed; (4) the risks of establishing liability; (5) the risks of establishing damages; (6) the risks of maintaining the class action through the trial; (7) the ability of the defendant to withstand a greater judgment; (8) the range of reasonableness of the settlement fund in light of the best possible recovery; and (9) the range of reasonableness of the settlement fund to a possible recovery in light of all the attendant risks of litigation.

15.     The complexity, expense, and likely duration of the litigation, justify final approval of the Settlement.

16.     The reaction of the Settlement Class supports final approval. There have been zero objections to the Settlement and two requests to opt-out of the Settlement. Further, Plaintiff supports the proposed Settlement.

17.     The stage of the proceedings and the amount of informal discovery completed justifies approval of the Settlement. Class Counsel and others engaged in extensive factual investigation regarding the claims asserted in the MDL. Further, the Parties conducted informal discovery and Defendant provided relevant information during the course of the settlement

discussions. The information uncovered and reviewed by Co-Lead Counsel and the Settlement Committee provided them with the information needed to objectively evaluate the strengths and weaknesses of Plaintiff's and Settlement Class Members' claims

18.     Additionally, the MOVEit Security Incident is part of the larger MOVEit data breach that spawned numerous cases consolidated in the MDL. Co-Lead Counsel, who the Court appointed to manage the related actions in the MDL, have been informed by their investigations and litigation of those consolidated actions. Class Counsel's and the Settlement Committee's experience representing plaintiffs and other data breach victims in the *MOVEit* MDL provided further knowledge and background to guide their assessment of the reasonableness of the Settlement

19.     The risks of establishing liability and damages also counsel in favor of approval of the Settlement. Defendant has vigorously contested liability throughout the course of this action, would almost certainly have contested class certification, and would have likely moved for summary judgment. Thus, certification, liability, and damages would have remained highly contested issues had the settlement not been reached by the Parties.

20.     The risks of maintaining the class action through the trial justify approval of the Settlement as well. As noted above, Defendant likely would have contested certification of the Settlement Class and damages on a class-wide basis. The risks associated with maintaining a certified class therefore support Settlement.

21.     The range of reasonableness of the settlement fund in light of the best possible recovery and all the attendant risks of litigation strongly favors approval of the Settlement. Here, the Settlement provides for each Settlement Class Member to receive real and substantial relief.

22.     Specifically, Settlement Class Members were permitted to file a claim for one or more of the following:

a.     <u>Reimbursement of Ordinary Losses.</u> Settlement Class Members will be able to submit a claim for reimbursement of unreimbursed losses, up to a total of Two Thousand and Five Hundred United States Dollars ($2,500.00) per Settlement Class Member. Such Ordinary Losses include:

i.     Out-of-pocket expenses incurred as a result of the Security Incident (to be determined by the Settlement Administrator with no right of appeal), including bank fees, long distance phone calls, cell phone charges (only if charged by the minute), data charges (only if based on the amount of data used), postage, or gasoline for local travel;

ii.     Fees for credit reports, credit monitoring, or other identity theft insurance product purchased between May 27, 2023 and the date of the close of the Claims Period; and

iii.     Reimbursement for up to four (4) hours of lost time, at Twenty-Five United States Dollars ($25.00) per hour (up to $100.00 total), for time spent dealing with the Security Incident. Settlement Class Members must attest to the accuracy of any request for compensation for lost.

b.     <u>Reimbursement of Extraordinary Losses.</u> Settlement Class Members may submit a claim for up to Ten Thousand United States Dollars ($10,000.00) in compensation for proven monetary losses, professional fees (e.g., attorneys' fees and accountants' fees), and fees for credit repair services as a result of the Security Incident ("Reimbursement of Extraordinary Losses"). A claim for Reimbursement of

Extraordinary Losses is one not covered by one or more of the Reimbursement of Ordinary Losses categories.

c.    <u>Alternative Cash Payment.</u> In lieu of claiming compensation for out-of-pocket ordinary and extraordinary losses, Settlement Class Members could elect to receive a one-time payment of One Hundred United States Dollars ($100.00) without the need to document losses or attest to time spent as a result of the Security Incident.

23.    The reimbursement of out-of-pocket ordinary and extraordinary losses are intended to provide relief for costs commonly incurred due to data breaches, including unreimbursed fraud, telephone or cell phone charges, internet usage charges, credit monitoring, costs of credit reports, and bank or financial institution charges.

24.    The reimbursement for lost time (as included in Reimbursement for Ordinary Losses), similarly, is intended to provide relief for time incurred responding to the Security Incident, including, for example, monitoring accounts, even if those actions did not cause an out-of-pocket loss.

25.    The Alternative Cash Payment is intended to compensate Settlement Class Members for harm caused without having to provide documentation of any out-of-pocket losses.

26.    Class Counsel and the Settlement Committee are aware of no evidence of fraud or collusion behind the Settlement. Instead, this Settlement was the product of extensive arm's-length negotiations between experienced counsel. The final parameters of the proposed Settlement were negotiated amongst counsel at arm's-length, and those discussions took several months.

27.    Class Counsel and the Settlement Committee have developed a comprehensive understanding of the merits of the case through our work on the claims asserted against Defendant. In our view, when we agreed to the proposed Settlement, we had sufficient information about the

strengths and weaknesses of the claims and defenses to make a reasoned judgment about the desirability of settling the claims asserted against Defendant according to the terms of the proposed Settlement.

28.    In Class Counsel's and the Settlement Committee's view, the stage of litigation and amount of discovery weigh in favor of final approval of the Settlement.

<strong>CONCLUSION</strong>

29.    Plaintiff, Class Counsel, and the Settlement Committee respectfully submit that the Settlement is an excellent result for the Settlement Class in this case. Class Counsel and the Settlement Committee recommend that the Settlement is fair, reasonable, and adequate, and requests that this Court grant final approval to the Settlement Agreement and the proposed Settlement Benefits Plan.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on September 19, 2025                    */s/ Gary F. Lynch*_____
in Pittsburgh, Pennsylvania                       Gary F. Lynch

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that, on this date, the foregoing document was filed electronically via the Court's CM/ECF system, which will send notice of the filing to all counsel of record.

Dated: September 19, 2025

_/s/ Kristen A. Johnson_____
Kristen A. Johnson (BBO# 667261)